IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE H., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:21-cv-00953-E-BT | |
| § | | |
| KILOLO KIJAKAZI, ACTING § | | |
| COMMISSIONER OF THE SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Leslie H.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 1). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 3). For the reasons explained below, the District Court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges he is disabled due to carpal tunnel syndrome of the right and left hands, patellofemoral syndrome of the right and left knees, major depressive

---

[1] The Court uses only Plaintiff's first name and initials as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

disorder, tinnitus, anxiety, and post-traumatic stress disorder (PTSD). Admin. R. 194 (ECF No. 11-1). He was born in 1977 and was 42 years old on his alleged disability onset. *Id.* at 41, 190. Plaintiff has a high-school education and can communicate in English. *Id.* at 41, 193, 195. He has past work experience as a welding inspector and in quality control. *Id.* at 40, 196.

On May 20, 2019, Plaintiff applied to Social Security for disability benefits. *Id.* at 19. After his application for disability benefits was denied initially and upon reconsideration by the Commissioner, Plaintiff requested a hearing before an administrative law judge (ALJ) to determine whether he is disabled. *Id.* The hearing took place on August 19, 2020. *Id.*

The ALJ determined that Plaintiff was not disabled and therefore not entitled to disability benefits. *Id.* At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff had not engaged in substantial gainful activity since

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

February 1, 2019, the alleged disability onset date. *Id.* at 22. At steps two and three, the ALJ found that Plaintiff had severe impairments of atrial fibrillation, carpal-tunnel syndrome of the upper extremities, obesity, sleep apnea, attention-deficit hyperactivity disorder (ADHD), depressive disorder, PTSD, avoidant disorder, and social-anxiety disorder, but Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 22-26. At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with some limitations, but Plaintiff could not perform his past work. *Id.* at 26-41. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could work as a laundry folder, cleaner, and price marker—jobs that exist in significant numbers in the national economy. *Id.* at 41-42. Therefore, the ALJ determined Plaintiff was not disabled. *Id.*

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5. The Council denied review. *Id.* Plaintiff then filed this action in federal district court, in which he contends the ALJ erred in finding him not disabled.

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotations omitted). Substantial evidence is "more than a mere scintilla. It means

3

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)) (citation and internal quotation marks omitted)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support the administrative decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

Plaintiff argues substantial evidence does not support the ALJ's determination of disability and denial of benefits and the ALJ did not apply the appropriate legal standards to the evidence of record because (1) the ALJ's RFC assessment was based upon her deficient lay interpretation of the objective medical evidence, and (2) the ALJ wrongly required Plaintiff's alleged symptoms to be "entirely consistent" with the medical and other evidence. Pl.'s Br. 1-2 (ECF No. 15).

1. The ALJ's RFC determination is supported by substantial evidence.

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009)

(citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's] residual functioning capacity is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). After reviewing the hearing decision and the administrative record, the Court finds the ALJ's decision is supported by substantial evidence.

RFC is the most that a person can still do despite recognized limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is a "combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (Ramirez, J.) (internal quotations omitted) (quoting *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988) (per curiam)), *rec. adopted*, 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). It "is an assessment of a [plaintiff's] ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). A plaintiff's RFC should be based on all relevant evidence in the case record, including opinions submitted by medical sources. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *1.

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009)

5

(citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [the ALJ's] findings." *Hill*, 2020 WL 6370168, at *6 (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Hill*, 2020 WL 6370168, at *6 (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Hill*, 2020 WL 6370168, at *6 (citing *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)). After reviewing the hearing decision and the administrative record, the Court finds the ALJ's RFC determination is supported by substantial evidence.

Here, the ALJ made her RFC findings "after careful consideration of the entire record." Admin. R. 26. The ALJ determined Plaintiff to have the RFC "to perform light work." *Id.* The ALJ further limited Plaintiff's RFC determining he

6

can never climb ladders, ropes, or scaffolds but can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he can also frequently (as opposed to constantly) handle or finger with his upper extremities; he must avoid even moderate exposure to vibration; and he must avoid concentrated exposure to workplace hazards. *Id.* The ALJ also determined Plaintiff can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions; can deal with problems involving a few concrete variables in or from standardized situations (at reasoning level of 2); cannot perform production-rate pace work; and can only occasionally interact with the general public. *Id.*

In explaining how the ALJ came to this determination, she "considered all [Plaintiff's] symptoms and the extent to which" they could "reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.* The ALJ also considered the medical opinions and prior administrative medical findings (PAMFs). *Id.* The ALJ further determined the PAMFs of the state-agency medical and psychological consultants were "partially persuasive" and "limitedly persuasive," respectively. *Id.* at 35, 37.

The medical consultants concluded that Plaintiff could perform at a medium exertional level. *Id.* at 36. Specifically, the medical consultants "found that Plaintiff could lift and/or carry (including upward pulling) 50 pounds occasionally and 25 pounds frequently; stand and/or walk for a total of about 6 hours in an 8-hour workday with normal breaks; sit for a total of about 6 hours in an 8[-]hour workday with normal breaks; push/pull unlimited other than as shown for the lift and/or

7

carry limitations; and frequently use the right upper extremity to handle and finger." *Id.* at 35. The medical consultants determined Plaintiff "was otherwise unlimited" physically. *Id.*

The psychological consultants found Plaintiff had "mild limitation in understanding, remembering, or applying information; moderate limitation in interacting with others; moderate limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing oneself." *Id.* at 37. Additionally, the psychological consultants determined that Plaintiff could "maximally understand, remember[,] and carry out detailed but not complex instructions[;] make decisions[;] and attend and concentrate for extended periods[; and] . . . accept instructions and respond appropriately to changes in a routine work setting." *Id.*

The ALJ decided Plaintiff's RFC was more limited—both physically and mentally—after considering Plaintiff's testimony and other evidence, including other medical evidence. *See id.* at 35-40. Plaintiff argues therefore the ALJ's additional physical and mental limitations are not supported by substantial evidence and prejudiced Plaintiff. *See generally* Pl.'s Br. 14-26.

The Fifth Circuit "held that an ALJ may not—without opinions from medical experts—derive" a plaintiff's RFC and "an ALJ may not rely on [her] own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Jeff Ivan M. v. Berryhill*, 2019 WL 3847992, at *5 (N.D. Tex. July 26, 2019) (Horan, J.) (internal quotations omitted) (*quoting Williams v. Astrue*, 355

8

F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995))), *rec. adopted*, 2019 WL 3842975 (N.D. Tex. Aug. 15, 2019) (Cummings, J.). "ALJs 'must be careful not to succumb to the temptation to play doctor' or make their own independent medical assessments." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (Posner, J.)). However, it is the sole responsibility of the ALJ to determine the RFC, and this function is not to be confused with an ALJ substituting her own lay opinion for a medical opinion. *Gina R. v. Comm'r*, 2021 WL 1209198, at *3 (N.D. Tex. Mar. 30, 2021) (Toliver, J.) (citing *Taylor v. Astrue*, 706 F.3d 600, 602-603 (5th Cir. 2012) (citing *Ripley*, 67 F.3d at 557 (noting the RFC determination is the sole responsibility of the ALJ); 20 C.F.R. § 404.1520c (noting the ALJ is only required to consider, not accept, medical opinion evidence)).

In this case, the Court finds the ALJ's RFC findings are supported by substantial evidence. The ALJ did not play doctor and partially relied on the state-agency medical and psychological consultants' opinions of record to inform her RFC finding. The ALJ added more restrictions than the consultants recommended based on Plaintiff's hearing testimony, other medical evidence, and other evidence of record. But the ALJ also declined to include greater restrictions based on medical opinions she found unpersuasive. Admin. R. 36. The ALJ determined Plaintiff's RFC considering "the record as a whole." *Id.* 40. Therefore, the ALJ's RFC determination is supported by substantial evidence because it is supported by the record as a whole, including state-agency consultants' opinions, Plaintiff's

hearing testimony, and other medical evidence, and other evidence. *See, e.g.*, *Steven K. v. Kijakazi*, 2022 WL 1056920, at *11-12 (N.D. Tex. Jan. 19, 2022) (Rutherford, J.), *rec. adopted*, 3:20-cv-01655-G-BT (N.D. Tex. Feb. 8, 2022) (Fish, J.), ECF No. 21 (sealed); *Medendorp v. Berryhill*, 2018 WL 5723166, at *6 (N.D. Tex. Oct. 16, 2018) (Cureton, J.), *rec. adopted*, 2018 WL 5720753 (McBryde, J.).

Plaintiff contends the ALJ should have given greater weight to another doctor's assessment instead of the state-agency consultants' assessments when formulating her RFC determination. Pl.'s Br. 19-26. However, Plaintiff's "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Jones v. Saul*, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021) (Ray, J.). And Plaintiff fails to meet that burden here. Further, ALJs are never "required to incorporate limitations in the RFC that [they] did not find to be supported in the record." *Ewing v. Colvin*, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014). In this case, the ALJ properly interpreted the medical evidence to determine Plaintiff's RFC and did not simply substitute her own opinion for that of a medical professional. *See Gina R.*, 2021 WL 1209198, at *4 (citing *Taylor*, 706 F.3d at 603).

Additionally, even if the ALJ erred by adding restrictions not specifically mentioned by any state-agency medical consultants, her error would be harmless. The Court will not overturn a procedurally imperfect administrative ruling unless the substantive rights of a party have been prejudiced. *Gonzalez*, 2016 WL 107843, at *3. Plaintiff fails to show that he was prejudiced by the ALJ's additional

restrictions that would qualify Plaintiff for less work than recommended by the state-agency consultants' assessments. Hence, any error the ALJ may have committed when she added additional restrictions was harmless.

Accordingly, the Court finds the ALJ has appropriately considered and resolved conflicts in the evidence. Substantial evidence supports the ALJ's determination of Plaintiff's RFC.

    2. <u>The ALJ applied proper legal standards to consider Plaintiff's symptoms.</u>

Plaintiff argues the ALJ used an inappropriate standard to evaluate the consistency of Plaintiff's alleged symptoms with the evidence of record because the ALJ stated Plaintiff's "symptoms are *not entirely consistent* with the objective medical and other types of evidence." Pl.'s Br. 27-29 (quoting Admin. R. 27 (emphasis added)). "In determining whether [a plaintiff] is disabled," the ALJ considers "all of the [plaintiff's] symptoms, including pain, and the extent to which the symptoms *can reasonably be accepted as consistent* with the objective medical and other evidence in the [plaintiff's] record." SSR 16-3p, 2017 WL 5180304, at *2 (SSA Oct. 25, 2017) (emphasis added). Plaintiff concludes the ALJ made up a new standard, an "entirely consistent" standard that imposes a higher burden than the reasonableness standard set forth in Social Security policy. Pl.'s Br. 27.

Plaintiff's argument misconstrues the ALJ's decision and her use of the words "entirely consistent." In her thorough and well-written decision, the ALJ stated:

> After considering the evidence of record, the ALJ finds that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical and other types of evidence for the reasons explained in this decision. Accordingly, these statements have been found to affect [Plaintiff's] ability to work only to the extent they can *reasonably be accepted as consistent* with the objective medical and other evidence.
>
> As for Plaintiff's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent for the following reasons.

Admin R. 27 (emphasis added). The ALJ then considered each of Plaintiff's alleged symptoms and provided substantial evidence from the record to support her conclusions about the intensity, persistence, and limiting effects of those symptoms. *See id.* at 27-34. The ALJ's analysis spans seven pages of her opinion. *See id.*

Subjective symptoms alone, absent some indication that they are supported by objective medical evidence, fail to support a disability finding. *See* 20 C.F.R. § 404.1529. Subjective complaints must be corroborated, at least in part, by objective medical evidence. *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). ALJs have broad discretion when making credibility determinations because they must also weigh and resolve conflicts in the evidence. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). It is appropriate for an ALJ to discredit a plaintiff's subjective complaints due to contradictory medical reports or daily activities. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). And "[i]t is appropriate for

the Court to consider the [plaintiff's] daily activities when deciding the [plaintiff's] disability status." *Leggett v. Chater*, 67 F.3d 558, 565, n.12 (5th Cir. 1995).

Here, the ALJ performed a detailed analysis of the objective medical evidence to support that Plaintiff had some limitations but not to the disabling degree Plaintiff alleged. And the ALJ only considered Plaintiff's allegations to effect Plaintiff's ability to work "to the extent they" could "reasonably be accepted as consistent with the objective medical and other evidence," Admin R. 27, which is the proper standard. *See* SSR 16-3p, 2017 WL 5180304, at *2; *accord* Pl.'s Br. 27. In view of the record, it is clear the ALJ applied the reasonableness standard set forth in Social Security policy, not some novel "entirely consistent" standard.

Additionally, Plaintiff failed to point this Court to any court that reversed an ALJ's decision simply because an ALJ stated Plaintiff's symptoms were "not entirely consistent" with the evidence of record when the ALJ also stated and applied the proper standard. *See* Pl.'s Br. 27-30; *but see Steven K.*, 2022 WL 1056920, at *10, 13 (affirming the ALJ's decision when the ALJ states Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms were "not entirely consistent with the objective medical evidence and other evidence"); *Saundra S. v. Comm'r of the Soc. Sec. Admin.*, 2020 WL 4905570, at *3-4 (N.D. Tex. July 31, 2020) (Toliver, J.) (same), *rec. adopted sub nom. Saldana v. Comm'r of the Soc. Sec. Admin*, 2020 WL 4904579 (N.D. Tex. Aug. 20, 2020) (Boyle, J.); *Mason-Watts v. Saul*, 2020 WL 5552152, at *7-9 (N.D. Tex. Aug. 12, 2020) (Cureton, J.) (same), *rec. adopted sub nom. Mason v. Saul*,

13

2020 WL 5544271 (N.D. Tex. Sept. 16, 2020) (Means, J.). Accordingly, Plaintiff has not shown the ALJ failed to use the appropriate standard to weigh the consistency of Plaintiff's statements about intensity, persistence, and limiting effects of Plaintiff's symptoms with the objective medical evidence and other evidence.

Lastly, even if the ALJ did err by misstating the standard (which she did not), it would be harmless. Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached, even if the ALJ did not err. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. Jan. 22, 2021). Here, substantial evidence is consistent with the ALJ's consideration of all of Plaintiff's symptoms to the extent to which the symptoms could reasonably be accepted as consistent with the objective medical and other evidence in the record. And it is therefore not conceivable that a different administrative conclusion could be reached. Hence, any error the ALJ may have committed when weighing Plaintiff's credibility was harmless.

## Recommendation

Because substantial evidence supports the ALJ's RFC determination, the ALJ applied the correct legal standards, and any error on the part of the ALJ was harmless, the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act was supported by substantial evidence, and the Court should AFFIRM the hearing decision in all respects.

**SO RECOMMENDED.**

August 1, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).